## Bauer v. Wakefield, Sheriff, et al.

Dec. 15, 1944.

R. Boyd Robertson for appellant.

Lawrence S. Grauman and Joseph E. Stopher for appellee.

OPINION OF THE COURT BY VAN SANT, COMMISSIONER
—Affirming.

The appeal is from a judgment of the Jefferson Circuit Court dismissing appellant's petition contesting the result of a local option election held April 24, 1944, in the 35th Precinct of the 11th Ward of the City of Louisville. It is contended that the election should be declared void because: (1) The County Election Commission failed to appoint qualified election officers to conduct the election at the polls; and (2), "divers persons unknown to her (appellant)," who were not legal voters of the precinct, were permitted to vote.

It seems that the side favoring prohibition was permitted to select two election officers, and the side opposing prohibition was permitted to select the other two officers. One of the officers selected by the side opposing prohibition (which is the side represented by appellant in this contest) was not a resident of the precinct. He served as clerk of the election from 6:00 o'clock A. M. until 9:30 o'clock A. M., when the fact of his nonresidence was discovered by the organization which selected him, and he was immediately replaced by a resident of the precinct, who served until the polls closed. It is not contended that the temporary service of the nonresident had any effect upon the result of the election; and, in the absence of fraud, or some other prejudicial circumstance, the mere fact that one of the officers was not qualified to serve does not afford a ground for declaring the election void. And even if it were a ground, the side represented by appellant could not take advantage of the error, because it is the side responsible for the mistake having been made.

44

. The only evidence relied on by appellant, in support of her contention that divers persons unqualified to vote were permitted to cast their ballots, is the testimony of Honorable Clem P. Theisen, County Clerk, who was asked the following question and made the following answer:

"Q. Were they all registered voters? A. No, sir, there was quite a few there that were not registered according to the city registration books."

In answering the above question, Mr. Theisen was not testifying concerning persons who voted in the election, but was testifying solely concerning signatures on the petition calling for the election. There is no evidence in the record from which one even could surmise that a single ballot was cast by a person not qualified to vote. It is suggested that certain voters registered on the day they cast their ballots; but there is nothing in the election laws which prevents this being done in a special election which is not held within fifty-nine days preceding a primary or general election. KRS 117.050. The Chancellor properly dismissed the petition.

The judgment is affirmed.